# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-03730 MMM (SSx) | Date | June 18, 2009 |

| | |
|---|---|
| Title | *Forlenza et al. v. Dynakor Pharmacal, LLC et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

## I. BACKGROUND

On May 26, 2009, plaintiffs Nicole Forlenza and Shaiden Monroe commenced this putative class action against Dynakor Pharmacal, LLC, a Utah limited liability company; The Carter-Reed Company, LLC, a limited liability company of unknown origin; PC Mgmt, Inc., a corporation of unknown origin; Basic Research, LLC, a limited liability company of unknown origin; Walgreen Company, an Illinois corporation; General Nutrition Corporation, a Pennsylvania corporation; Drugstore.com, a Washington corporation; Western Holdings, LLC, a limited liability company of unknown origin; Joseph Bode; Sheila Erickson; Dennis Gay; Daniel B. Mowrey d/b/a American Phytotherapy Research Laboratory; and Mitchell K. Friedlander. Plaintiffs seek to represent a class defined as "[a]ll persons located within California who purchased Akävar within the last 3 years."[1] Akävar is a weight loss product that is allegedly marketed through deceptive advertising. Plaintiffs assert five state law causes of action: (1) violation of California Legal Remedies Act, California Civil Code § 1770; (2) unjust enrichment; (3) fraud; (4) violation of California Business & Professions Code § 17200; and (5) breach of warranty.

The complaint does not contain a short and plain statement of the grounds upon which the

---

[1]Complaint, ¶ 26.

court's jurisdiction is based. Rather, it merely asserts that "[t]his [c]ourt has jurisdiction over all causes of action asserted herein."[2] Because the case is a putative class action, however, it appears that plaintiffs may intend to invoke the court's diversity jurisdiction, as expanded by the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (2005).

## II. DISCUSSION

### A. Standard Governing Plaintiff's Burden of Pleading Jurisdiction

As the party invoking federal jurisdiction, plaintiffs have the burden of establishing the actual existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction"). The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

### B. Standard Governing Diversity Jurisdiction Under the Class Action Fairness Act

CAFA vests original jurisdiction in district courts to hear civil class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "in which[, *inter alia*,] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); see also *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA was

---

[2]*Id.* ¶ 16.

enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.' Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)").

Under CAFA, the number of members of all proposed plaintiff classes must exceed 100 in the aggregate. 28 U.S.C. § 1332(d)(5)(B). See also *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.' § 1332(d)(5). . . . Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2)"); *id.* at 1021 n. 3 ("The Fifth Circuit characterized § 1332(d)(5) as an 'exception' to CAFA jurisdiction conferred under § 1332(d)(2). . . . We view § 1332(d)(5) somewhat differently. . . . [S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2). This distinction is important because, as we address later, there are 'exceptions' to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction. See, e.g., § 1332(d)(3)-(4)").

Even if the number of members in the class exceeds 100, the district court "shall decline to exercise jurisdiction" over a class action in which (a) more than two-thirds of the class members are citizens of the state in which the action was originally filed; (b) plaintiffs seek significant relief against at least one defendant whose conduct forms a significant basis for the claims asserted by the class and who is a citizen of the state in which the action was originally filed; (c) the principal injuries were incurred in the state in which the action was originally filed; and (d) during the three-year period preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons." See 28 U.S.C. § 1332(d)(4)(A). The district court must also decline to exercise jurisdiction over a class action in which two-thirds or more of the class members, and the primary defendants, are citizens of the state in which the action was originally filed. See 28 U.S.C. § 1332(d)(4)(B). Additionally, the district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of the plaintiff class and the primary defendants are citizens of the state in which the action was originally filed based on consideration of six factors.[3] See 28 U.S.C.

---

[3]The six factors are: "(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the

§ 1332(d)(3).

### C.    Whether Plaintiffs Have Shown the Necessary Diversity of Citizenship

The complaint alleges that the purported class size is "at least in the tens of thousands of members."[4] Thus, the minimum class size requirement is satisfied. The remaining prerequisites to establishing jurisdiction are the minimal diversity requirement and the $5,000,000 amount in controversy requirement. The court first considers the diversity of citizenship requirement.

The complaint does not allege the citizenship of the named plaintiffs. It alleges only that they are residents of California. There is a difference between citizenship and residency. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. See *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. See, e.g., *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ('Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile')"). Further, the class definition does not indicate the citizenship of the class members, as not every individual "located" in California is necessarily a California citizen. The court presumes that, based on the class definition, the plaintiff class is composed predominantly of California citizens. Jurisdiction cannot be based on presumptions, however, but must be specifically alleged by plaintiffs.

Additionally, the court cannot determine if the requisite diversity exists because the complaint does not contain sufficient allegations to establish the citizenships of any of the defendants. The complaint does not allege the citizenship of the individual defendants. As respects the corporate defendants, the complaint alleges the place of incorporation of some, but does not allege the principal place of business of any. For diversity purposes, a corporation is a citizen of both its state of incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business" (emphasis added)). As it is likely that two thirds of the potential class

---

aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3).

[4]Complaint, ¶ 28.

members are citizens of California, the court may be required to decline jurisdiction under § 1332(d)(4) if any defendant is a citizen of California. Therefore, the court is in doubt as to whether it has subject matter jurisdiction to hear the action.

### D.    Whether Plaintiffs Have Plead the Amount in Controversy Requirement

Finally, plaintiffs have not satisfied the $5,000,000 amount in controversy requirement. Although plaintiffs allege that defendants have made "tens of millions of dollars in profits" from sales of Akävar,[5] they do not specify the amount of monetary damages sought, nor the value of the requested injunctive relief. Plaintiffs who fail to plead the amount in controversy specifically fail to meet their burden of establishing jurisdiction under the CAFA. See *Hyman v. WM Financial Services, Inc.*, 2007 WL 1657392, *5 n. 4 (D.N.J. June 7, 2007) ("To have jurisdiction under the CAFA, Plaintiffs must meet minimal diversity requirements and allege damages which exceed $5,000,000. 28 U.S.C. § 1332(d)(2). Plaintiffs, though, have not alleged damages of any particular amount in their complaint. Therefore, they have failed to meet the pleading standards under the CAFA").

### III.  CONCLUSION

For the foregoing reasons, the court orders plaintiffs to show cause on or before **June 30, 2009**, why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond by **June 30, 2009**, will result in the immediate dismissal of the action.

---

[5] *Id.*, ¶ 25.