O

UNITED  STATES  DISTRICT  COURT

FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| NICOLE FORLENZA and SHAIDEN MONROE, et al. | CASE NO. CV 09-3730 AG (SSx) |
| Plaintiffs, | ORDER CONCERNING MOTIONS |
| v. | |
| DYNAKOR PHARMACAL, LLC, et. al | |
| Defendants. | |

This class action involves allegedly ineffective weight loss and male potency supplements. Plaintiffs Nicole Forlenza ("Forlenza"), Shaiden Monroe ("Monroe"), Evelise Batiz ("Batiz"), Carl Winzen ("Winzen"), Malissa Bodor, and Ivan Bodor (collectively "Plaintiffs") believe that they, and others like them, have been victimized by businesses taking advantage of people's insecurities about their self image.  Thus, Plaintiffs sued the manufacturers of certain supplements and retailers that sell those supplements.

Three motions attacking Plaintiffs' lawsuit are currently pending. A group of Defendants filed two separate motions.  Defendants Dynakor Pharmacal, LLC ("Dynakor"), the Carter-Reed Company ("Carter-Reed"), Basic Research, LLC ("Basic Research"), Walgreen Company dba

1   Walgreens ("Walgreens"), General Nutrition Corporation dba GNC ("GNC"), Target
2   Corporation ("Target"), CVS Pharmacy, Inc (CVS")., and Zoller Laboratories, LLC ("Zoller")
3   (collectively "Group Defendants") filed a Motion to Dismiss Second Amended Complaint
4   ("Group Defendants' Motion to Dismiss") and a Motion to Sever and Dismiss or Transfer
5   Claims ("Motion to Sever"). Separately, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed its
6   own "Motion to Dismiss the Second Amended Complaint [or] for More Definite Statement"
7   ("Wal-Mart's Motion").

8         The Court GRANTS IN PART and DENIES IN PART the Group Defendants' Motion to
9   Dismiss and Wal-Mart's Motion.  The Court DENIES the Motion to Sever.  And the Court
10  DENIES Plaintiffs' Motion for Preliminary Injunction.

11

12  **BACKGROUND**

13

14        Plaintiffs filed this lawsuit against manufacturers of certain weight loss and male potency
15  supplements and the retailers that sell those supplements.  The facts in this Section are taken
16  from Plaintiffs' Second Amended Complaint ("SAC").  The Court assumes they are true for
17  purposes of this Motion.

18        Defendants Dynakor, Carter-Reed, Basic Research, and Zoller ("Manufacturing
19  Defendants") are manufacturers of "Zantrex-3[,] Zantrex-3 Insta-Shot, Akävar, Akävar 2-/50,
20  Akävar Slimming Gel and Relacore" ("Products").  (SAC ¶ 23.)   Plaintiffs are purchasers of the
21  Products.  (SAC ¶¶ 41-46.)

22        Defendants advertise the Products, except Zantrex-3 Insta-Shot, as supplements that cause
23  weight loss.  (SAC ¶¶ 26-40.)  Defendants claim Zantrex-3 Insta-Shot rectifies a different
24  problem.  They say that "No matter how much Viagra you take . . . you still need energy to make
25  things 'happen,'" and that Zantrex-3 Insta-Shot can provide that energy.  (SAC ¶ 26.)
26  Concerning all the Products, the Manufacturing Defendants "make wild claims for [the
27  Products'] effectiveness in causing weight loss . . . or improving sexual potency . . . ."  (SAC ¶
28  23.)

1    Despite these claims, the Products are ineffective.  (SAC ¶¶ 26-40.)  Zantrex-3, Akävar

2    20/50, Akävar Slimming Gel, and Relacore do not cause weight loss, and Zantrex-3 Insta-Shot is

3    also ineffective.  (SAC ¶¶ 27, 32, 37.)

4         Defendants Walgreens, GNC, CVS, Wal-Mart, and Target ("Retailer Defendants")

5    "vigorously promote and sell these products" even though they "are, or should be, aware of the

6    nature of the claims made for these products and of the sheer falsity of those claims."  (SAC ¶¶

7    24-25.)  The Retailer Defendants "knew that the products were defective and did not function as

8    advertised, but nevertheless continued to sell the products."  (SAC ¶ 25.)

9         Plaintiffs filed this lawsuit against Defendants based on their alleged deceptive practices.

10   Plaintiffs assert claims for violation of the California Consumer Legal Remedies Act ("CLRA"),

11   unjust enrichment, fraud, violation of California's Unfair Competition Law, Business and

12   Professions Code § 17200, et seq. ("UCL"), and breach of warranty.  Defendants now attack the

13   adequacy of Plaintiffs' lawsuit.

14

15   **LEGAL STANDARD**

16

17       A court should dismiss a complaint when its allegations fail to state a claim upon which

18   relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain

19   statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).

20   "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May

21   18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must

22   accept as true all factual allegations in the complaint and must draw all reasonable inferences

23   from those allegations, construing the complaint in the light most favorable to the plaintiff.

24   *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

25       But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim

26   that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A

27   claim has facial plausibility when the pleaded factual content allows the court to draw the

28   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

3

1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## ANALYSIS

At the outset, the Court must decide the sequence in which it will consider the pending motions. The most prudent approach is to address the Group Defendants' Motion to Dismiss and Wal-Mart's Motion first, since granting these motions would render the other two moot.

## 1.   GROUP DEFENDANTS' MOTION TO DISMISS

### 1.1   Fraud with Particularity

The Group Defendants argue that Plaintiffs' claims against them must fail because they are based on fraud but fail to plead fraud with particularity. The Court agrees.

Under Federal Rule of Civil Procedure 9(b), parties alleging fraud "must state with particularity the circumstances constituting fraud." "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)). Plaintiffs "must set forth more than the neutral facts necessary to identify the transaction. [They] must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1006 (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir.1994)).

1   Plaintiffs sufficiently plead fraud with particularity if they identify "the circumstances

2   constituting fraud so that a defendant can prepare an adequate answer from the allegations."

3   *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989).  "While statements

4   of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory

5   allegations of fraud are insufficient."  *Id*.  Rule 9(b) requires that plaintiffs "attribute particular

6   fraudulent statements or acts to . . .  individual defendants."  *Id*.

7   The Group Defendants recognize that "Plaintiffs base all five of their claims on . . .

8   fraudulent conduct."  (Mot. 5:1-2.)  Plaintiffs do not dispute this.  Therefore, to survive a motion

9   to dismiss, all of Plaintiffs' claims must meet the requirements of Rule 9(b).

10   They do not.  The SAC alleges in many places that "Defendants" acted wrongfully, but

11   does not specify which Defendants did particular wrongdoings.  For example, it states that Batiz

12   relied on misrepresentations "displayed by the Walgreens, GNC, Wal-Mart, CVS, *and/or* Target

13   where she purchased the product."  (SAC ¶ 43 (emphasis added).)  The disjunctive "and/or"

14   language is insufficient to put these Defendants on notice of whether they are accused of

15   displaying the misrepresentations at issue.  *See Mason v. County of Orange*, 251 F.R.D. 562

16   (C.D. Cal. 2008) (granting motion for more definite statement where several claims for relief

17   were "alleged against . . . eleven defendants, regardless of whether the facts alleged support such

18   an allegation").

19

20   [W]ith the shotgun pleading out of the way, the trial judge will be
     relieved of "the cumbersome task of sifting through myriad claims,
21   many of which [may be] foreclosed by [various] defenses." *Fullman*
     *v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984). Experience teaches
22   that, unless cases are pled clearly and precisely, issues are not joined,
     discovery is not controlled, the trial court's docket becomes
23   unmanageable, the litigants suffer, and society loses confidence in
     the court's ability to administer justice.
24

25   *Anderson v. District Board of Trustees*, 77 F.3d 364, 366-67 (11th Cir.1996).

26   Plaintiffs argue that the SAC sufficiently "details the specific false representations made

27   by the Manufacturing Defendants and the Retailer Defendants with respect to each of the

28   products."  (Opp'n 2:17-20.)  They say that, "taken as a whole . . . , the SAC specifies with great

1   particularity what each Plaintiff bought, when he or she bought it, the circumstances and the

2   timing within which the purchases occurred, the representations Plaintiff relied on in making the

3   purchases," and also "which Defendants made the representations, how the representations were

4   false, and that Defendants knew the representations were false when they made them."  (Opp'n

5   8:27-9:4.)  The Court disagrees.

6        Scrutiny of the SAC betrays Plaintiffs' characterization of it.  Paragraph 76 of the SAC,

7   which Plaintiffs cite to support its sufficiency, does state which particular plaintiffs bought the

8   particular products.  But the SAC fails to achieve the required level of detail concerning

9   Defendants.  Rather, it merely identifies the "Retailer Defendants" as culpable sellers.  The

10  Group Defendants provide an example by stating, "[t]he SAC lumps together Batiz's and

11  Wizen's allegations, suggesting that their purchases (of either Zantrex-3 or Insta-Shot) possibly

12  came from each of the five Retailer Defendants."  (Reply 6:3-6.)  The Court finds that

13  allegations such as these do not allow defendants to adequately prepare their defenses, since they

14  force each Defendant to guess how Plaintiffs' allegations apply specifically to them.  *See Moore*,

15  885 F.2d at 540.

16       The SAC is also insufficient because it discusses the Products interchangeably in multiple

17  places.  Plaintiffs treat Zantrex-3 and Zantrex-3 Insta-Shot as the same product, and do the same

18  with Akävar 20-50 and Akävar slimming gel, even though they are all separate products.  (SAC

19  ¶¶ 43-44, 76, 81-85, 87, 93.)  This forces Defendants to speculate about which products are at

20  issue in various allegations.  Thus, this is another reason the SAC fails to plead fraud with

21  particularity.

22       Plaintiffs' Opposition attempts to enhance the SAC by discussing facts that are absent

23  from it.  This attempt is unsatisfactory.  Under Rule 8 and Rule 9(b), the Court must decide

24  whether the allegations in the Complaint are sufficient to survive a motion to dismiss.  If they are

25  not, the appropriate place to add potency to the SAC is an amended complaint, not an

26  opposition.

27       The deficiencies already discussed warrant dismissal of Plaintiffs' SAC.  But the Group

28  Defendants assail the SAC with even more arguments.  They contend that the SAC insufficiently

1    pleads fraud with particularity because it (1) does not allege the content of the representations

2    relied upon by Plaintiffs, (2) does not indicate particular misrepresentations upon which

3    Plaintiffs relied, (3) does not allege how Plaintiffs bought the Products, and (4) improperly

4    incorporates by reference the preceding allegations into each count.  (Mot. 5-13.)  The Court is

5    not required to comment on these contentions because dismissal is appropriate for reasons

6    already stated.  But these issues might arise again if Plaintiffs choose to amend their SAC.  Thus,

7    the Court finds that the SAC is not deficient for failing to identify the content of

8    misrepresentations, failing to allege when or where each misrepresentation was made or how

9    they were relied upon, failing to state how Plaintiffs bought the Products, or improperly

10   incorporating allegations by reference.

11

12         **1.2    Plaintiffs' Claim for Damages under the CLRA**

13

14         The Group Defendants argue that Plaintiffs' claim for damages under the CLRA must be

15   dismissed with prejudice because Plaintiffs did not comply with the CLRA's mandatory notice

16   requirement.  The Court agrees.

17         Plaintiffs bringing claims for damages under the CLRA must "[n]otify the person alleged

18   to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of

19   the particular alleged violations . . . [t]hirty days or more prior to the commencement of an

20   action."  Cal. Civil Code § 1782(a).  This provision is designed to "give the manufacturer or

21   vendor sufficient notice of alleged defects to permit appropriate corrections or replacements"

22   and "provide and facilitate precomplaint settlements of consumer actions wherever possible and .

23   . . establish a limited period during which settlement may be accomplished."  *Outboard Marine*

24   *Corp. v. Superior Court*, 52 Cal. App. 3d 30, 40-41 (1975).  "Strict adherence to the statute's

25   notice provision is required to accomplish the Act's goals of expeditious remediation before

26   litigation."  *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2003).  Thus,

27   plaintiffs failing to comply with the notice provision will have their "claim for damages under

28   the CLRA . . .  dismissed with prejudice."  *Id.*

7

1    Here, Plaintiffs do not dispute that they failed to comply with the CLRA's notice

2    provision.  They state that "[s]hortly after being served with [CLRA letters concerning Akävar

3    20/50], Defendants retained counsel and instructed that all future communication be directed to

4    counsel."  (Opp'n 12:4-6.)  Thus, they claim, "literal compliance with the CLRA notice

5    provision (which requires it to be served on the President or CEO) [was] impossible."  (Opp'n

6    12:6-7.)  But the Group Defendants point out that even the CLRA letters concerning Akävar

7    20/50 were filed on the same day as Plaintiffs' initial Complaint, and not 30 days before as

8    Section 1782(a) requires.  Thus, Plaintiff's claim for damages under the CLRA must be

9    dismissed with prejudice.

10

11        **1.3    Plaintiffs' Claim for Unjust Enrichment**

12

13    The Group Defendants argue that Plaintiffs' claim for unjust enrichment should be

14    dismissed with prejudice since "unjust enrichment is a remedy, not a[n independent claim]."

15    (Mot. 14:4-12; Reply 12:12-13.)  The Court disagrees.

16    California courts "'appear to be split on whether unjust enrichment can be an independent

17    claim or merely an equitable remedy.'"  *Baggett v. Hewlett Packard Co.*, 582 F. Supp. 2d 1261,

18    1270 (C.D. Cal. 2007) (quoting *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1099

19    (N.D. Cal. 2007)).  *Baggett* explained,

20

21        [f]or example, the court in *Melchior v. New Line Productions, Inc.*,
         106 Cal.App.4th 779, 793, 131 Cal.Rptr.2d 347 (2003), held that the
22       phrase "unjust enrichment" "does not describe a theory of recovery,
         but an effect: the result of a failure to make restitution under
23       circumstances where it is equitable to do so."  In contrast, the court
         in *Ghirardo v. Antonioli*, 14 Cal.4th 39, 50, 57 Cal.Rptr.2d 687, 924
24       P.2d 996 (1996), held that plaintiffs may state a claim for unjust
         enrichment particularly where their claim seeks restitution where
25       other remedies are inadequate.

26

27    *Baggett*, 582 F. Supp. 2d at 1270.

28    The Court dismisses the SAC on other grounds, and the parties have submitted very little

1  briefing on whether unjust enrichment is an independent claim.  This is not an appropriate

2  occasion for a federal court to decide whether unjust enrichment is an independent claim under

3  California law.  Further, while the Group Defendants quoted, discussed, and relied on *Baggett* to

4  support a different argument, they failed to even bring the quoted passage to the Court's

5  attention.  In this case about weight loss supplements, the Group Defendants may not have their

6  cake and eat it too.

7      Plaintiff's unjust enrichment claim will not be dismissed with prejudice.

8

9      **1.4    Forlenza and Monroe's Claim for an Injunction under the UCL**

10

11     Forlenza and Monroe request an injunction under California's UCL to stop Defendants

12  from advertising Akävar products in California.  The Group Defendants argue that this request

13  should be dismissed with prejudice.  Though the Group Defendants are correct that this claim is

14  deficient, they fail to persuade the Court that it must be dismissed with prejudice.

15     Plaintiffs seeking injunctions under the UCL "must comply with class action

16  requirements."  *Arias v. Superior Court*, 46 Cal. 4th 969, 977 (2009).  Plaintiffs admit that

17  Forlenza and Monroe are not seeking class certification of their request for an injunction under

18  the UCL.  (Opp'n 15:12-22.)  Nonetheless, they contend that, "[w]hile Plaintiffs Forlenza and

19  Monroe are not specifically moving forward as class representatives, this fact does not mean that

20  they would not *meet the qualifications* for a class action . . . ."  (Opp'n 15:14-17.)

21     The Group Defendants argue that Plaintiffs may not request an injunction under the UCL

22  if they are not seeking class certification.  They point out that, "if a plaintiff does not actually

23  seek to certify a class, the defendant would be denied an opportunity to challenge the putative

24  class's qualifications."  (Reply 17:16-18.)  Such a result is not intended under California law.

25  *See Arias*, 46 Cal. 4th at 977-980.  But while this reasoning renders Plaintiffs' claim insufficient,

26  the Court is not convinced that dismissal with prejudice is appropriate.

27     Forlenza and Monroe's claim for an injunction under the UCL will not be dismissed with

28  prejudice.

### 1.5    Other Arguments

The Group Defendants also make other arguments for dismissal.  For example, they argue that Plaintiffs should not be allowed to bring a class action because they have violated Local Rules concerning class actions, and that Plaintiffs fail to establish federal subject matter jurisdiction over this lawsuit.  Since the Court dismisses the SAC on other grounds, these arguments are moot.  Plaintiffs are advised to comply with all Local Rules, pleading requirements, and jurisdictional requirements if they amend the SAC.

### 1.6    Conclusion

The Court GRANTS IN PART and DENIES IN PART the Group Defendants' Motion to Dismiss.

## 2.    WAL-MART'S MOTION

In Wal-Mart's Motion, Wal-Mart makes arguments that are quite similar to those made by the Group Defendants.  The Court GRANTS IN PART and DENIES IN PART Wal-Mart's Motion to the same extent as the Group Defendants' Motion to Dismiss.

## 3.    THE MOTION TO SEVER AND THE MOTION FOR PRELIMINARY INJUNCTION

The SAC is dismissed in its entirety.  Thus, the Motion to Sever is DENIED as moot. The Motion for Preliminary Injunction is also DENIED as moot.

**DISPOSITION**

The Court GRANTS IN PART and DENIES IN PART the Group Defendants' Motion to Dismiss and Wal-Mart's Motion.  The Court DENIES the Motion to Sever.  And the Court DENIES Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs' claim for damages under the CLRA is dismissed without leave to amend.  The remainder of the SAC is dismissed with leave to amend.  If Plaintiffs wish to file an amended complaint, they shall do so within 21 days of this Order.

In this Order, the Court declined to reach the merits of some arguments for dismissal because the SAC is dismissed on other grounds and the issues were not as thoroughly briefed as others.   This does not mean these issues will disappear if Plaintiffs file an amended complaint, which would be Plaintiffs' Third Amended Complaint.  Plaintiffs are cautioned that with each Amended Complaint the likelihood grows that a successful motion to dismiss will result in dismissal without leave to amend.

IT IS SO ORDERED.

DATED: October 21, 2009

Andrew J. Guilford
United States District Judge