UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3730 AG (SSx); CV 09-8013 AG (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | NICOLE FORLENZA, et al. v. DYNAKOR PHARMACAL, et al. (09-3730); SHALENA DYSTHE, et al. v. BASIC RESEARCH, LLC, et al. (09-8013) | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**   [IN CHAMBERS] ORDER TO SHOW CAUSE RE CONSOLIDATION

*Dysthe v. Basic Research, LLC*, CV 09-8013 AG (SSx), has been transferred to Judge Andrew J. Guilford because it is related to an earlier filed case, *Forlenza v. Dynakor Pharmacal*, CV 09-3730 AG (SSx), which is pending before Judge Guilford. Because questions of law or fact are common to the *Dysthe* and *Forlenza* cases, the Court ORDERS Plaintiffs to show cause in writing, by January 8, 2010, why these cases should not be consolidated under Federal Rule of Civil Procedure 42(a). The *Dysthe* and *Forlenza* Plaintiffs may submit separate briefs not to exceed 10 pages, or one consolidated brief not to exceed 20 pages. Defendants may submit a written response not to exceed 20 pages by January 15, 2010. Though the same entities are Defendants in both cases, the Court recognizes that one Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), is represented by different counsel than the remaining Defendants. Thus, if Defendants prefer, Wal-Mart and the remaining Defendants may submit separate responses not to exceed 10 pages each by January 15, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3730 AG (SSx); CV 09-8013 AG (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | NICOLE FORLENZA, et al. v. DYNAKOR PHARMACAL, et al. (09-3730); SHALENA DYSTHE, et al. v. BASIC RESEARCH, LLC, et al. (09-8013) | | |

To assist the parties' arguments, the Court provides the following.

The *Dysthe* case is a class action involving allegations that the purported "belly fat" reducing supplements Relacore, Relacore Extra, and Relacore PM (collectively "Relacore") are ineffective. The *Dysthe* Plaintiffs contend that Relacore was falsely advertised as effective by Defendants Basic Research, LLC, the Carter-Reed Company, LLC, Dynakor Pharmacal, LLC, General Nutrition Company, CVS Caremark Corp., Wal-Mart, and Target Corporation ("Target") (collectively "Defendants"). Based on these allegations, three named Plaintiffs assert claims against Defendants for (1) violation of California's Consumer Legal Remedies Act ("CLRA"), (2) unjust enrichment, (3) fraud, (4) violation of California's unfair competition law, ("UCL"), and (5) breach of warranty.

*Forlenza* is also a class action. The Second Amended Complaint ("SAC") in *Forlenza* included claims concerning Relacore and other products against the same Defendants as *Dysthe*, though the named Plaintiffs in *Forlenza* are different than those in *Dysthe*. But like the *Dysthe* Plaintiffs, the *Forlenza* Plaintiffs asserted in the SAC claims for (1) violation of the CLRA, (2) unjust enrichment, (3) fraud, (4) violation of the UCL, and (5) breach of warranty.

In *Forlenza*, the Court granted a motion to dismiss the SAC. This motion was granted with leave to amend all claims except one, which was dismissed without leave to amend. The *Forlenza* Plaintiffs then filed a Third Amended Complaint ("TAC"), which does not include claims relating to Relacore. A few days later, the *Dysthe* Plaintiffs filed their Complaint with claims concerning Relacore similar to those that were dismissed in *Forlenza*.

In the early stages of a case, courts often grant motions to dismiss with leave to amend,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3730 AG (SSx); CV 09-8013 AG (SSx) | Date | December 28, 2009 |
|---|---|---|---|
| Title | NICOLE FORLENZA, et al. v. DYNAKOR PHARMACAL, et al. (09-3730); SHALENA DYSTHE, et al. v. BASIC RESEARCH, LLC, et al. (09-8013) | | |

since such leave should only be denied where the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). But when multiple amended complaints are filed and dismissed, plaintiffs sometimes demonstrate the impossibility of curing the deficiencies of their pleadings. Thus, the Court has "cautioned that with each Amended Complaint the likelihood grows that a successful motion to dismiss will result in dismissal without leave to amend." (*Forlenza*, Order Concerning Motions, October 21, 2009, at 11:12-14.)

Here, though the named Plaintiffs in *Forlenza* and *Dysthe* are different, it appears that the cases are both being driven, at least in part, by a collaborating group of attorneys. Between the dismissal of the *Forlenza* SAC and the filing of the *Dysthe* Complaint, counsel for the *Forlenza* Plaintiffs stated that he was "in the process of referring the Relacore case to another firm." (*Dysthe*, Notice of Related Case, November 23, 2009, Ex. B.) It appears that the *Dysthe* case was the result of this referral.

The parties' submissions should address the following issues: (1) whether the cases should be consolidated; (2) if they are consolidated, whether they should be consolidated for all purposes, including trial, or only for limited purposes; (3) what the practical effect of consolidation would be, including whether the cases would be merged, *see Schnabel v. Lui*, 302 F.3d 1023, 1035-36 (9th Cir. 2002); and (4) whether consolidation would impact the ability of the *Dysthe* Plaintiffs to obtain leave to amend if a motion to dismiss their Complaint is granted.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | sdm | |